**BANQUE WORMS, S.A., Plaintiff,**

v.

**MESSRS. WORMS ET CIE., Banque Worms Et Cie. (Suisse), S.A., Jean Sevaux, Marc De La Fosse, Providence International Limited and Don F. Gaston, Defendants.**

**No. 86 Civ. 7879 (WCC).**

United States District Court, S.D. New York.

June 29, 1988.

Hughes Hubbard & Reed, New York City, for plaintiff; George A. Davidson, Jeff H. Galloway, Joan R. Salzman, of counsel.

Davis Polk & Wardwell, New York City, for defendants Messrs. Worms et Cie. and Banque Worms et Cie. (Suisse), S.A.; John P. Cooney, Jr., Lisa A. Huestis, Elizabeth Glaser, of counsel.

Grand & Ostrow, New York City, for defendants Jean Sevaux and Marc De La Fosse; Paul R. Grand, Diana Parker, of counsel.

Curtis, Mallet, Prevost, Colt & Mosley, New York City, for defendants Providence Intern. Ltd. and Don F. Gaston; Peter E. Fleming, Jr., Eliot Lauer, Mark H. O'Donoghue, Daniel R. Lenihan, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge,

In an opinion and order dated June 11, 1987, 689 F.Supp. 241, this Court considered, *inter alia*, the motion of Banque Worms et Cie. (Suisse), S.A. to disqualify plaintiff's counsel, Hughes, Hubbard and Reed ("HHR"). Familiarity with that opinion is presumed. Final decision on the issue of disqualification was reserved pending the filing of an amended complaint "to include facts regarding the alleged fraudulent concealment by defendants which would justify tolling the limitations period under RICO." (Opinion at 245). The Court did note in the Opinion, however, that based on an analysis of the initial complaint, "[s]ince it appears that it will be necessary to call attorneys from HHR as witnesses, it appears that they should be disqualified pursuant to Canon 5." (Opinion at 245).

Plaintiff has filed an amended complaint which is identical to the original except for new paragraphs relating solely to the Providence Capital loan transaction in Counts II and III. In light of the Supreme Court's decision in *Agency Holding Corp. v. Malley–Duff Associates, Inc.*, —— U.S. ——, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987), which held that the statute of limitations for a RICO claim is four years, plaintiff maintained that Count I of the complaint was timely on its face as originally pleaded and there was no need to plead additional facts regarding fraudulent concealment which would toll the statute of limitations.

While it is true that plaintiff's RICO claims are, on the face of the complaint, now timely, plaintiff's amended complaint fails to address this Court's finding that HHR should be disqualified pursuant to Canon 5 of the Code of Professional Responsibility. One of plaintiff's central allegations concerning the Olde Salem loan is that the defendants fraudulently caused the Olde Salem loan documentation to be changed to falsely suggest that the loan had been arranged by Worms Geneva and to conceal the "true facts" from the plaintiff. Since this allegation will be denied by the defendants, the facts and circumstances surrounding the evolution of this loan documentation will be a focus of this litigation. HHR, through one of its partners, Mr. Kreitzman, and his two associates, played a key role in the preparation of the loan documents.

HHR concedes that it prepared the original loan agreement and related documents, the evolution of which is allegedly part of this fraud. Although Mr. Kreitzman suggests that these loan documents were revised without his direct participation, he concedes that he received copies of the revised agreement showing Worms Geneva as the only lender. Further, Kreitzman admits that HHR reviewed these drafts and provided some unspecified advice and comments on them. Thus, HHR's testimony concerning its involvement in the evolution of the loan documentation will be im-

portant to the allegations that the loan documentation was fraudulently altered and it clearly ought to be called as a witness.

As the Court noted in the original opinion,

> [g]iven the reasoning which HHR employed in arguing that it should not be disqualified under Canon 4, it is now difficult for HHR to maintain that it should not be disqualified under Canon 5, given the facts of this case. In its arguments in opposition to disqualification under Canon 4, HHR claimed that since Worms Geneva was aware that HHR represented Banque Worms throughout the entire Olde Salem transaction, it was not possible for Worms Geneva to claim that HHR was privy to any information which it was expected to conceal from Banque Worms. Indeed, Worms Geneva could expect that all information which HHR received would be communicated to Banque Worms. (Opinion at 244–45).

There is nothing contained in plaintiff's amended complaint which would cause the Court to change its initial views on the necessity of disqualifying plaintiff's counsel on the grounds that members of plaintiff's firm will need to testify at trial in order for plaintiff's claims to be litigated. Due to its involvement in the Olde Salem transaction, HHR attorneys will be fact witnesses as to the chronology of the evolution of that loan and will be required to establish how "true facts" of this transaction were fraudulently withheld from the plaintiff when known to HHR.

For the reasons outlined above, defendants' motion to disqualify HHR is granted. Plaintiff has 45 days within which to notify the Court whether it wishes to rely on the complaint drafted by the attorneys at HHR or whether it wishes to file a second amended complaint drafted by its new attorneys. The Court believes that plaintiff should be given the opportunity to file an amended complaint, if it believes one is necessary, due to the large number of recent court decisions in areas of law relevant to this case, particularly the Second Circuit's recent decisions in *Creative Bath Products, Inc. v. Connecticut General Life Insurance Co.*, 837 F.2d 561 (2d Cir. 1988) and *Beauford v. Helmsley*, 843 F.2d 103 (2d Cir.1988), reconsideration en banc granted April 6, 1988 (argued May 13, 1988). If Banque Worms' new attorneys wish to stand on the amended complaint filed by HHR, Banque Worms' new attorneys will have 14 days within which to file motion papers in opposition to defendants' pending motions to dismiss.

So ordered.